UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED
2013 MAR 28  AM 9: 56
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

KEVIN P. MARTIN,                          )
                                          )
                Plaintiff,                )      Civil Action No.
                                          )
        v.                                )
                                          )      13 C 0215 wmc
THE CHARLTON GROUP d/b/a JKSJ             )
COMPANY, INC., and                        )
IPACESETTERS ENTERPRISES, INC.,           )
                                          )
                Defendants.               )

## COMPLAINT

NOW COMES the Plaintiff, **KEVIN P. MARTIN** (hereinafter "Martin") and complaining of the Defendants, **THE CHARLTON GROUP d/b/a JKSJ COMPANY, INC.,** (hereinafter "Charlton") and **IPACESETTERS ENTERPRISES, INC.** (hereinafter "IPacesetters"), states as follows:

## I.    NATURE OF THE CASE

1.    This is a civil action alleging repeated unlawful refusals to promote Plaintiff Martin in violation of Plaintiff's rights under the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

## II.    ADMINISTRATIVE PREREQUISITES

2.    The plaintiff complied with all administrative prerequisites for a suit under the ADA. He filed timely complaints of discrimination with the Equal Employment Opportunity Commission and received a finding of probable cause that disability discrimination occurred. He received a notice of right to sue on December 28, 2012.

### III.   JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

4.      The Western District of Wisconsin is the proper venue for this action, pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events and omissions giving rise to Plaintiff's claims arose in this district.

### IV.   PARTIES

5.      The Plaintiff, KEVIN P. MARTIN, is an adult resident of the State of Wisconsin whose current address is ~~570 S. Clark Street, #8, Whitewater, Wisconsin 53190.~~ *812 Hazel Ridge drive Apt 202, Elkhorn, WI 53121*

6.      Defendant, The Charlton Group d/b/a JKSJ Company, Inc., was and is, at all times relevant hereto, a corporation licensed to do business in the State of Wisconsin whose current business address is 14370 Hillside Road, Elm Grove, Wisconsin 53122. Charlton operated multiple call centers and business locations in Wisconsin including one located in Whitewater, Wisconsin. Charlton was and is an employer within the meaning of the ADA. At all times relevant hereto, Charlton employed in excess of 15 employees.

7.      Defendant, IPACESETTERS ENTERPRISES, LLC, is a corporation which is, at all times relevant hereto, licensed to do business in the State of Wisconsin whose current business address is 411 Newcomb Street, Whitewater, Wisconsin 53190. At all times relevant hereto, IPacesetters employed in excess of 15 employees.

### V.   CAUSE OF ACTION UNDER THE ADA

8.      Plaintiff, Kevin Martin, was born with and continues to suffer from arthrogryposis. As a result, he has severely diminished use and control of his arms and legs and must rely on a wheelchair for ambulation.

9.     Plaintiff is disabled within the meaning of the ADA. His severely diminished use and control of his extremities and other disabilities substantially limit his major life activities, including but not necessarily limited to the life activities of feeding himself, toilet usage, dressing himself, walking and other common, everyday uses of his hands, arms, feet and legs.

10.    Plaintiff began employment at Defendant Charlton on or about May 29, 2007 and has worked there continuously until the present. It should be noted that in June, 2010, The Charlton Group d/b/a JKSJ Company, Inc. was sold to IPacesetters Enterprises, Inc.

11.    During Plaintiff's employment at Charlton/IPacesetters, he has successfully and diligently performed his job duties and has consistently received superior job performance reviews from his many different supervisors.

12.    During Plaintiff's employment at Charlton/IPacesetters, he has consistently and repeatedly assisted and trained less experienced employees and repeatedly provided knowledgeable and appropriate answers and solutions to problems presented to him by co-workers and Charlton/IPacesetters' customers.

13.    Periodically, during Plaintiff's tenure at Charlton/IPacesetters, open job positions at Charlton/IPacesetters were advertised to Charlton/IPacesetter employees.

14.    From the time that Plaintiff was employed at Charlton/Ipacesetters to on or about June, 2009, Plaintiff applied for approximately 7 to 8 different open job positions at Charlton/Ipacesetters, all of which positions would have been promotions from the position he held at the time of his various applications.

15.    That Plaintiff, Kevin Martin, was passed over for each of the positions to which he had applied.

16.     After rejecting each of Plaintiff's 7 – 8 different applications cited above, Charlton/IPacesetters hired other non-disabled applicants for employment for vacant positions for which Plaintiff was fully qualified and capable of performing.

17.     In approximately June 2009, Plaintiff, Kevin Martin, approached his immediate superior, Lead Performance Manager, Claudia Newman, and asked her what aspects of his job he needed to improve in order to be considered for promotion at Charlton/IPacesetters. Ms. Newman at that time advised Plaintiff that he "could not be promoted because of his disability."

18.     During Plaintiff's tenure at Charlton and continuing until after June, 2010, Plaintiff suffered continuous physical, written and verbal abuse at the hands of his co-workers, including, but not limited to, having the word "retard" scrawled across his desk and having his wheelchair kicked while he was seated in it.

19.     That Plaintiff reported all of the aforementioned episodes of abuse to his superiors at Charlton/IPacesetters but management at Charlton/IPacesetters failed to investigate, redress, discourage, punish or otherwise reduce the instances of such abuse. Such failures by Charlton/IPacesetter management permitted and caused the abusive, discriminatory conduct toward Plaintiff to continue and constituted unlawful discrimination in violation of Plaintiff's rights under the ADA.

20.     The Defendants' conduct as described above, including but not necessarily limited to its refusal to promote Plaintiff, Kevin Martin, because of his disabilities constituted unlawful discrimination and violated Plaintiff's rights under the ADA.

21.     The Defendants' conduct as described above, including but not necessarily limited to its refusal to promote Plaintiff, Kevin Martin, was undertaken in wanton, willful and

reckless disregard of the Plaintiff's rights under the ADA thereby entitling Plaintiff to an award of punitive damages.

22.    The Defendants' conduct as described above, including but not necessarily limited to its refusal to promote Plaintiff, Kevin Martin, because of his disabilities was a proximate cause of financial and other damages sustained by Plaintiff including lost wages and benefits, both past and future, loss of earning capacity, and psychological and emotional pain and distress. The Plaintiff will continue to suffer these damages in the future.

## VI.    JURY DEMAND

**WHEREFORE**, Plaintiff demands a trial by jury on all of his claims and relief as follows:

A.  Back wages and benefits in an amount to be determined;

B.  Instatement to a management position;

C.  Compensation for loss of earning capacity;

D.  Compensatory damages for psychological and emotional distress;

E.  Punitive damages;

F.  A finding of unlawful disability discrimination;

G.  Reasonable attorney fees and costs; and

H.  Any and all other relief this Honorable Court deems just and proper.

Respectfully submitted this 28th day of March 2013.

Kevin P. Martin
~~570 S. Clark Street, #8~~
~~Whitewater, WI 53190~~
262-325-2373

812 Hazel Ridge Road Apt #202
Elkhorn, WI 53121